IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

WILLIE MAUDE JACKSON,
    Plaintiff,

vs.                                         Case No. 5:09cv144/MCR/EMT

UNITED STATES OF AMERICA,
    Defendant.
_____/

**ORDER**

      Plaintiff, an inmate who proceeds pro se, initiated this action by filing a civil rights complaint under 28 U.S.C. § 1331 and <u>Bivens v. Six Unknown Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971), or 28 U.S.C. § 1346 (*see* Docs. 1, 7).[1] The filing fee has been paid in full[2] (Docs. 13, 14). From a review of the amended complaint, it is evident that the facts as presented fail to support a viable claim for relief. The court therefore will allow Plaintiff an opportunity to clarify her allegations in a second amended complaint.

      Plaintiff is housed at the Federal Correctional Institution in Marianna, Florida ("FCIM").

---

[1] Plaintiff appears to have presented her complaint to prison officials for mailing to the court on April 15, 2009 (Doc. 1 at 7). The clerk opened the case and docketed the complaint on April 17, 2009 (*id.* at 1). On May 6, 2009, the clerk received a second complaint which appears to be nearly identical to the first, including that Plaintiff indicates she presented the complaint to prison officials for mailing on April 15, 2009 (Doc. 7 at 1, 7). Regardless of whether Plaintiff intended the second complaint to be a service copy of the initial complaint or an amended complaint, because the two complaints are not completely identical, the clerk properly docketed the second submission as an amended complaint.

[2] Although Plaintiff prepaid the filing fee in full, because she is a prisoner and seeks redress from "a governmental entity or office or employee of a governmental entity," the court is required to conduct a review of Plaintiff's complaint. *See* 28 U.S.C. § 1915A. In its review the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A.

In this action she names one Defendant, the United States of America (*see* Doc. 7 at 1, 2). Plaintiff alleges that, at an unspecified date, she suffered constantly from painful ear infections, for which FCIM medical staff provided drops (*id.* at 5). This treatment did not resolve Plaintiff's ear infections or the related pain, however, despite assurances otherwise from the medical staff. Finally, according to Plaintiff, in 2004 she was sent to a physician in Dothan, Alabama, who determined that Plaintiff's tympanic membrane, or ear drum, had some granulation tissue and that she had suffered some hearing loss (*id.*). Plaintiff's problems with her left ear persisted, but FCIM medical staff repeatedly told her there was nothing wrong (*id.*). In June 2006, after she continued to complain of ear pain, Plaintiff was sent to another physician, who found granulated tissue filling in the left ear canal. Tests also revealed that Plaintiff had suffered severe hearing loss (*id.* at 6). Apparently, according to Plaintiff, a CT scan and surgery of the ear were advised, with follow-up examination to determine the extent of disease. Plaintiff eventually did undergo surgery on her ear, but she complains that FCIM medical staff failed to provide appropriate follow-up, including making appointments with her surgeon; Plaintiff was also informed that she would not be permitted to return to the physician who had originally examined her in 2004. Plaintiff asserts that she has had no medical treatment for her ear since her 2006 surgery, although she still suffers from earaches and believes she has experienced additional hearing loss (*id.*). Contending that her allegations demonstrate that her rights under the Eighth Amendment have been violated, Plaintiff seeks a total of 2.5 million dollars as relief (*id.*).

The Supreme Court has held that a plaintiff may bring certain causes of action for damages against a federal officer based on a violation of constitutional rights. <u>Bivens</u>, 403 U.S. at 396, including the violation of prisoner's Eighth Amendment right to adequate medical care. <u>Carlson v. Green</u>, 446 U.S. 14, 100 S. Ct. 1468, 1474, 64 L. Ed.2d 15 (1980). The Eighth Amendment is violated when there is deliberate indifference to a prisoner's serious medical needs. <u>Estelle v. Gamble</u>, 429 U.S. 97, 97 S. Ct. 285, 291, 50 L. Ed.2d 251 (1976). In order to establish a claim of deliberate indifference, the prisoner must show: (1) she had a serious medical need (the objective component); (2) the prison official acted with deliberate indifference to that serious medical need (the subjective component); and (3) the official's wrongful conduct caused the injury. <u>Goebert v. Lee County</u>, 510 F.3d 1312, 1326 (11th Cir. 2007). A medical need is serious if it "'has been

diagnosed by a physician as mandating treatment or [is] one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Id.* (quoting Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir. 1994)). To satisfy the subjective component, the prisoner must show that the prison official subjectively knew of a risk of serious harm, that the official disregarded that risk, and that the official's conduct was more than gross negligence. Goebert, 510 F.3d at 1326–27. Deliberate indifference may be shown where there is "[g]rossly incompetent or inadequate care," *see* Waldrop v. Evans, 871 F.2d 1030, 1033 (11th Cir. 1989), the official refuses to provide medical care he knows is necessary, *see* Ancata v. Prison Health Servs., Inc., 769 F.2d 700, 704 (11th Cir. 1985), or the official delays in providing necessary diagnostic care or medical treatment for non-medical reasons, *see* H.C. by Hewett v. Jarrard, 786 F.2d 1080, 1086 (11th Cir. 1986). Mere inadvertence, negligence, or medical malpractice does not rise to the level of deliberate indifference, Estelle, 429 U.S. at 105, "[n]or does a simple difference in medical opinion," Waldrop, 871 F.2d at 1033.

    The court concludes that Plaintiff's allegations are, at this early stage of the litigation, adequate with respect to satisfying the objective component of an Eighth Amendment medical claim, i.e., identifying a serious medical need. Her complaint is deficient, however, in at least two respects that require amendment. First, the United States of America is not a proper defendant in a Bivens action. *See* FDIC v. Meyer, 510 U.S. 471, 484–86, 114 S. Ct. 996, 127 L. Ed.2d 308 (1994); McCollum v. Bolger, 794 F.2d 602, 608 (11th Cir.1986). As noted, Bivens authorizes civil rights suits filed against federal agents or employees. Bivens, 403 U.S. at 396; the United States is immune to such suit. *See* Bivens, 403 U.S. at 410 (Harlan, J., concurring in judgment). Thus, in amending Plaintiff should delete the United States of America as a Defendant and instead name the federal prison officials who she contends were responsible for violating her constitutional rights. Second, as noted, in order to meet the requirements of the subjective component of an Eighth Amendment medical claim, Plaintiff must show that the prison official at issue knew of but disregarded the risk of serious harm to her; Plaintiff must also show that the official's conduct was more than grossly negligent. Goebert, 510 F.3d at 1326–27. Here, even if Plaintiff had identified proper Defendants in this action, as presented her allegations are insufficient to satisfy the subjective prong. For example, Plaintiff apparently acknowledges that she received medical treatment for her

ear infections on many occasions, including examinations and a diagnostic procedure and surgery, although she asserts that she was denied follow-up care with her surgeon or attention by the physician of her choosing. Also, while Plaintiff complains that she has received no care whatsoever for her ear condition since 2006, Plaintiff does not indicate that she in fact sought treatment from FCIM medical staff for her ear problem since 2006 and that treatment was denied or was inadequate. Additionally, although in order to make out a claim of deliberate indifference Plaintiff must allege that the prison officials' wrongful conduct <u>caused</u> the complained-of injuries of pain and hearing loss, she has failed to do so. In amending, Plaintiff must do more than allege negligent conduct, medical malpractice, or a difference in medical opinion, none of which rise to the level of deliberate indifference. <u>Estelle</u>, 429 U.S. at 105; <u>Waldrop</u>, 871 F.2d at 1033.

As an additional matter, the court notes that some of Plaintiff's allegations appear to involve actions that occurred prior to April 15, 2005, or the date four years prior to when Plaintiff initiated this action. Claims brought pursuant to <u>Bivens</u> that are based on events more than four years old may be time barred. *See* <u>Uboh v. Reno</u>, 141 F.3d 1000, 1002 (11th Cir. 1998) (limitations period for <u>Bivens</u> actions is taken from the most analogous limitations statute of the state in which the district court sits); Fla. Stat. Ann. § 95.11(3)(p) (residual limitations period in Florida is four years). Thus, Plaintiff should be aware that, to the extent she complains of events that occurred more than four years prior to the filing of this action on April 15, 2009, such claims may be barred.

Plaintiff should carefully review the foregoing to determine whether she desires to proceed with this action. If Plaintiff wishes to proceed, she must completely fill out a new civil rights complaint form, marking it "Second Amended Complaint." Plaintiff must limit her allegations to claims related to the same basic incident or issue and name as Defendants only those persons who are responsible for the alleged constitutional violations. Plaintiff must place their names in the style of the case on the first page of the civil rights complaint form and include their addresses and employment positions in the "Parties" section of the form. In the statement of facts, Plaintiff should clearly describe how each named Defendant is involved in each alleged federal violation, alleging the claims as to each Defendant in separately numbered paragraphs and including specific dates and times of the alleged unconstitutional acts. If Plaintiff cannot state exactly how a particular Defendant harmed her, she should delete or drop that person as a Defendant from her complaint.

Case No. 5:09cv144/MCR/EMT

Plaintiff's request for relief should be limited to only that which she could recover if she succeeds on her claims. Plaintiff is advised that once an amended complaint is filed, all earlier complaints and filings are disregarded. N.D. Fla. Loc. R. 15.1.

Accordingly, it is **ORDERED**:

1. The clerk of court is directed to forward to Plaintiff a civil rights complaint form for use by prisoners in actions under 28 U.S.C. §1331 or 1346. This case number should be written on the form.

2. Within **THIRTY (30) DAYS** from the date of docketing of this order, Plaintiff shall file an amended civil rights complaint, which shall be typed or clearly written, submitted on the court form, and titled "Second Amended Complaint."

3. Plaintiff's failure to file a second amended complaint may result in a recommendation that this action be dismissed for failure to comply with a court order.

**DONE AND ORDERED** this 25th day of February 2010.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**